IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NOS. 2:17-CR-384-WKW-11 |
| | ) | 2:17-CR-384-WKW-1 |
| CHRISTI MURPHY THOMAS, | ) | 2:17-CR-384-WKW-2 |
| JOHN CALVIN SCOTT, JR., and | ) | [WO] |
| MICHAEL DAUDRI TURNER | ) | |

## **ORDER**

Upon consideration of the joint status report (Doc. # 451) filed by the Government and Christi Murphy Thomas on May 23, 2020, the court is prepared to rule on Defendant Thomas's outstanding motion. (Doc. # 386.) While Ms. Thomas styles her motion as a "motion to amend criminal judgment," the court's ability to alter or amend its judgments is limited. *See generally* Fed. R. Crim. P. 35 ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.").

However, an amendment of the total amount of restitution ordered is unnecessary because, by the express terms of the court's judgment, "[t]he victim is not entitled to compensation in excess of [its] loss." (Doc. # 323, at 6; *see also* Doc. # 309, at 7 (stating the same in John Scott's criminal judgment); Doc. # 311, at 7 (stating the same in Michael Turner's criminal judgment).) In this case, failing to recognize the correct balance still owed to Jefferson Financial Federal Credit Union

(JFFCU) would create the possibility of unjust enrichment. The Eleventh Circuit has suggested that district courts may enter orders crediting defendants for proceeds recovered by victims to avoid conferring a windfall on the victims. *See United States v. Cavallo*, 790 F.3d 1202, 1240 (11th Cir. 2015) (reversing and remanding the defendant's restitution order for corrective proceedings when the defendant's judgment stated that "[t]he defendant shall receive credit for any principal paid on loans and credit for any proceeds from sale of property," but roughly two years later, "[t]here [wa]s no indication that an amended order has even been issued providing Defendants with the appropriate credits"). Additionally, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36; *see also United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) ("It is clear in this Circuit that Rule 36 may not be used 'to make a substantive alteration to a criminal sentence.'" (quoting *United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003))).

Therefore, this order is intended only to enforce its criminal judgment and to correct a clerical error in the record regarding the balance of restitution still owed to JFFCU. In the court's April 15, 2020 order (Doc. # 448), the Government was directed to serve a copy of this order on Jefferson Financial Federal Credit Union. Jefferson Financial Federal Credit Union was permitted, but not required to, write to

the court by May 11, 2020, to state any objections it had regarding any matter discussed in the April 15 order.  No objections were received.  The parties reported that $15,546.29 is the correct remaining balance owed to JFFCU by Ms. Thomas and her co-defendants John Calvin Scott, Jr. and Michael Daudri Turner.

On the court's own motion, the Clerk of the Court is DIRECTED to recognize $15,546.29 as the correct remaining balance owed to JFFCU by Ms. Thomas, John Calvin Scott, Jr., and Michael Daudri Turner.  It is ORDERED that Ms. Thomas's motion to amend criminal judgment (Doc. # 386) is DENIED as MOOT.  Because Ms. Thomas, Mr. Turner, and Mr. Scott are jointly liable for satisfying this restitution order, the court's order is due to be entered in each of these co-defendants' cases.

DONE this 1st day of June, 2020.

>                /s/ W. Keith Watkins
> UNITED STATES DISTRICT JUDGE